The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCO CALVERT-MAJORS, et al.,<br><br>Defendants. | NO. CR21-053 RSM<br><br>PROTECTIVE ORDER |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KEFENTSE LUMUMBA-OLABISI, et al.,<br><br>Defendants. | NO. CR21-056 RSM |

PROTECTIVE ORDER - 1
*U.S. v. Calvert-Majors, et al.*; *U.S. v. Lumumba-Olabisi, et al.*; *U.S. v. Snipes, et al.*; *U.S. v. McGee, et al.*; *U.S. v. Ezell*; *U.S. v. Clemente*: *U.S. v. Jordan*; *U.S. v. Evans*; *U.S. v. Daniels*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR21-057 RSM |
| Plaintiff, | |
| v. | |
| CURTIS SNIPES, et al., | |
| Defendants. | |
| UNITED STATES OF AMERICA, | NO. CR21-058 RSM |
| Plaintiff, | |
| v. | |
| EUGENE MCGEE, et al., | |
| Defendants. | |
| UNITED STATES OF AMERICA, | NOS. CR21-062 RSM<br>CR21-063 RSM |
| Plaintiff, | CR21-064 RSM<br>CR21-068 RSM |
| v. | CR21-069 RSM |
| TERRY EZELL,<br>CESAR YSMAEL CLEMENTE, III,<br>CRAIG JORDAN,<br>DAVON EVANS, and<br>CARLOS ROMALLIS DANIELS, | |
| Defendants. | |

PROTECTIVE ORDER - 2
*U.S. v. Calvert-Majors, et al.*; *U.S. v. Lumumba-Olabisi, et al.*; *U.S. v. Snipes, et al.*; *U.S. v. McGee, et al.*; *U.S. v. Ezell*; *U.S. v. Clemente*: *U.S. v. Jordan*; *U.S. v. Evans*; *U.S. v. Daniels*

1  This matter, having come to the Court's attention on the parties' joint motion for

2  entry of a discovery protective order, and the Court, having considered the motion, and

3  being fully advised in this matter, hereby enters the following PROTECTIVE ORDER:

4      1.    **Protected Material.**  For purposes of this Order, "Protected Material" shall

5  include (1) grand jury testimony; (2) witness statements; (3) tax information; (4) financial

6  information; (5) subscriber information (including phone and utility subscriber

7  information for uncharged individuals); (6) Title III materials relating to interception of

8  communications, including pleadings, intercepted communications, and linesheets;[1]

9  (7) other personal identifying information ("PII")[2] obtained during the investigation,

10 including but not limited to personal information about defendants and third parties (such

11 as photographs, including sexually suggestive photographs, and photographs, identifying

12 information, and contact information for family members, other defendants, and/or

13 witnesses); and (8) other sensitive information obtained from the search of social media,

14 cellular telephones, and other digital devices seized during the investigation. All financial

15 records (including phone, utility, and financial information for third parties), federal tax

16 records, cellular telephone downloads, grand jury transcripts, summaries of financial

17 records, and Title III materials provided during discovery will be considered Protected

18 Material without further designation by the government.

19     2.    Other information believed by the government to be Protected Material will

20 be so designated by the government.  Said material may include, but is not limited to,

---

[1] The government has informed all defense counsel that the wiretap materials have been produced per the Court's sealing orders and, as such, remain under seal and should be treated accordingly.  Additionally, these materials contain sensitive information that include communications with uncharged individuals, and they would therefore also be appropriately designated as "Protected Material" pursuant to the proposed order.

[2] "PII" includes, but is not necessarily limited to, the information identified in Fed. R. Crim. P. 49.1(a) and includes full names, dates of birth, Social Security numbers (or other identification information), financial account information (including account numbers), tax information, driver's license numbers, addresses, telephone numbers, locations of residences or employment, medical records, school records, juvenile criminal records, and other confidential information.  The government has endeavored to redact PII as appropriate, but the parties acknowledge and agree that this will not always be possible, and that in some instances un-redacted PII may be necessary to either the prosecution or the defense, or both.

PROTECTIVE ORDER - 3
*U.S. v. Calvert-Majors, et al.; U.S. v. Lumumba-Olabisi, et al.; U.S. v. Snipes, et al.; U.S. v. McGee, et al.; U.S. v. Ezell; U.S. v. Clemente: U.S. v. Jordan; U.S. v. Evans; U.S. v. Daniels*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   information related to witnesses and third parties, criminal history reports, and related

2   *Giglio* impeachment materials.

3          3.      **Production of Protected Material to the Defense.**  The United States will

4   produce discovery, including Protected Material, to counsel for each defendant, either

5   directly or through the Coordinating Discovery Attorney who has been appointed by this

6   Court.  Possession of copies of the Protected Materials is limited to the Coordinating

7   Discovery Attorney and his/her staff, attorneys of record, and investigators, paralegals,

8   law clerks, experts and assistants for the attorneys of record (hereinafter collectively

9   referred to as "members of the defense teams").  The Coordinating Discovery Attorney

10  and the attorneys of record are required, prior to disseminating any copies of the

11  Protected Materials to their staff or any other members of the defense teams, to provide a

12  copy of this Protective Order to every staff member and member of the defense teams,

13  and obtain written acknowledgment by said staff and members of the defense teams of

14  their understanding that they are bound by the terms and conditions of this Protective

15  Order.  The written consent need not be disclosed or produced to the United States unless

16  reasonably requested by the Assistant United States Attorney or ordered by the Court.

17         4.      **Review of Protected Material by Defendants.**  The attorneys of record

18  and members of each defendant's defense team may share and review the Protected

19  Material with their respective defendant.  Defendants who are residing at the Federal

20  Detention Center (FDC) will be permitted to review the Protected Material, consistent

21  with the regulations established by the BOP, with or without their respective counsel, in a

22  controlled environment at the Federal Detention Center (FDC), but will be prohibited

23  from printing out, copying, or disseminating the discovery.  Defendants who are on

24  pretrial release will be permitted to review the Protected Material at the offices of their

25  counsel, but will be prohibited from printing out, copying, or disseminating the

26  discovery.   No defendant is permitted to take notes of any kind about the Protected

27  Material.

28

PROTECTIVE ORDER - 4
*U.S. v. Calvert-Majors, et al.; U.S. v. Lumumba-Olabisi, et al.; U.S. v. Snipes,
et al.; U.S. v. McGee, et al.; U.S. v. Ezell; U.S. v. Clemente: U.S. v. Jordan;
U.S. v. Evans; U.S. v. Daniels*

5.      **Limits on Dissemination of Protected Materials.**  The attorneys of record and members of the defense team are prohibited from duplicating or providing copies of the Protected Material to other persons, including to any defendant, unless the personal or financial information contained therein belongs specifically and solely to the defendant receiving the material (e.g., a defendant may be provided with the download of his own cellular phone).[3]  This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, witnesses, and the Court and defense counsel as necessary to comply with the government's discovery obligations and to investigate and prosecute the case.

6.      **Future Production of Additional Protected Materials.**  Additional types of discovery items may be deemed by the parties to constitute Protected Material upon agreement or (if no agreement can be reached) by further order of the Court.

7.      **No Waiver.**  Nothing in this order should be construed as imposing any substantive discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure.  The failure to designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

8.      **Use of Protected Material in Court.**  Any Protected Material that is filed with the Court in connection with pre-trial motions, trial, or other matter before this Court shall be filed under seal and shall remain sealed until otherwise ordered by this Court. This does not entitle either party to seal their filings as a matter of course.  The parties are required to comply in all respects with the relevant local and federal rules of criminal procedure pertaining to the sealing of court documents.

---

[3] This provision does not apply to the wiretap materials, described above, which remain under seal and thereby may not be provided to any defendant.

PROTECTIVE ORDER - 5
*U.S. v. Calvert-Majors, et al.; U.S. v. Lumumba-Olabisi, et al.; U.S. v. Snipes, et al.; U.S. v. McGee, et al.; U.S. v. Ezell; U.S. v. Clemente: U.S. v. Jordan; U.S. v. Evans; U.S. v. Daniels*

9.    **Non-Termination.**  The provisions of this Order shall not terminate at the conclusion of this prosecution.  Furthermore, at the close of this case, defense counsel shall return the Protected Material, including all copies of the Protected Material, to the office of the United States Attorney, or otherwise certify that the material has been destroyed.

10.    **Violation of Order.**  Any person who willfully violates this order may be held in contempt of court and may be subject to monetary or other sanctions as deemed appropriate by this Court.

11.    **Modification of Order.**  Nothing in this Stipulation shall prevent any party from seeking modification of this Protective Order or from objecting to the improper designation of discovery as Protected Material.  In either event, counsel shall first confer with the government to attempt to resolve the issue.  If the parties are unable to resolve the dispute, counsel may raise the issue with the Court by way of a motion.

12.    **Agreement to Provide Copies of Protected Material to Defendants.** Upon agreement of counsel for the government, members of a defense team may provide copies of specific Protected Material, or redacted versions of such material, to a defendant.  When seeking the government's agreement to give such a copy to a defendant, members of the defense team will identify with reasonable particularity, including (where available) the specific Bates-numbered pages and or recording descriptions, the specific material defense counsel proposes to give to the defendant. Unless expressly stated otherwise by the government, copies of Protected Material to be provided to the defendant will continue to be Protected Material subject to all of the protections of the Court's Order, with the sole exception that a copy can be given only to the defendant (and not shared with anyone else outside the defense team). If counsel for the government and counsel for the defendant cannot reach agreement on whether particular portions of the Protected Material or redacted versions of Protected Material should be given to the defendant under these conditions, defense counsel may raise the issue with the Court by way of a motion.

PROTECTIVE ORDER - 6
*U.S. v. Calvert-Majors, et al.; U.S. v. Lumumba-Olabisi, et al.; U.S. v. Snipes,*
*et al.; U.S. v. McGee, et al.; U.S. v. Ezell; U.S. v. Clemente: U.S. v. Jordan;*
*U.S. v. Evans; U.S. v. Daniels*

13. **No Ruling on Discoverability or Admissibility.** This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

14. **No Ruling on Timing of Production.** This Protective Order does not require the government to provide particular discovery at a time or in a fashion inconsistent with applicable law.

15. **Addition of Defendants after Entry of Order.** This Protective Order applies to any additional defendants later charged in this case.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to the Coordinating Discovery Attorney and all counsel of record.

DATED this 24th day of May, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

*s/Erin H. Becker*
ERIN H. BECKER
LYNDSIE R. SCHMALZ
Assistant United States Attorney

PROTECTIVE ORDER - 7
*U.S. v. Calvert-Majors, et al.; U.S. v. Lumumba-Olabisi, et al.; U.S. v. Snipes, et al.; U.S. v. McGee, et al.; U.S. v. Ezell; U.S. v. Clemente: U.S. v. Jordan; U.S. v. Evans; U.S. v. Daniels*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970